UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEONTAY T. MORRIS,

          Plaintiff,

       v.                               Case No. 25-CV-67

MARTEZ BALL et al.,

          Defendants.

## ORDER

Plaintiff Deontay Morris is representing himself in this 42 U.S.C. § 1983 action against Defendants Detective Martez Ball, Officer Mathew Link, Officer Ryan Dombeck, Officer Mark Dillman, Officer James Spinato, Officer William Mauch, Officer Seth Edwards, Officer Mathew Jackson, Officer Michael Schwandt, and Officer Erin Tischer of the Milwaukee Police Department. On March 26, 2025, the Court screened the complaint and allowed Plaintiff to proceed on a Fourth Amendment claim against Defendants based on allegations that Defendants fabricated evidence in Milwaukee County Case No. 23CF5622 to detain him without probable cause. Dkt. No. 7. Defendants and Plaintiff have filed motions for summary judgment. Dkt. Nos. 25, 32. Plaintiff also filed a motion for leave to file a sur-reply. Dkt. No. 38.

The parties' motions fail to comply with the Court's summary judgment procedures. The local rules of this district provide that with each motion for summary judgment, the moving party must file "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Civil L.R. 56(b)(1)(C). The statement of proposed material facts "shall consist of short numbered paragraphs,

each containing a single material fact, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph." Civil L.R. 56(b)(1)(C)(i). Neither Defendants nor Plaintiff submitted a statement of proposed material facts with their motion for summary judgment.

"[D]istrict courts may require strict compliance with their local rules." *Hinterberer v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020). The Seventh Circuit has noted "the important function served by local rules that structure the summary judgment process . . . ." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000) (citation omitted). "These rules assist the court by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." *Id.* (internal quotation marks and citation omitted).

Accordingly, Defendants' motion for summary judgment (Dkt. No. 25) and Plaintiff's motion for summary judgment (Dkt. No. 32) are **DENIED without prejudice** for failure to comply with the District's Local Rules. Motions for summary judgment that comply with the District's local rules may be filed within seven days of the date of this order. Plaintiff's motion for leave to file a sur-reply (Dkt. No. 38) is **DENIED as moot**.

 **SO ORDERED** at Green Bay, Wisconsin on April 15, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

2