DEONTAY T. MORRIS,

Plaintiff,

v.                                                          Case No. 25-CV-67

MARTEZ BALL et al.,

Defendants.

## DECISION AND ORDER

Plaintiff Deontay T. Morris is representing himself in this 42 U.S.C. § 1983 case. Plaintiff is proceeding on a Fourth Amendment claim against Defendants Detective Martez Ball, Officer Mathew Link, Officer Ryan Dombeck, Officer Mark Dillman, Officer James Spinato, Officer William Mauch, Officer Seth Edwards, Officer Mathew Jackson, Officer Michael Schwandt, and Sgt. Erin Tischer of the Milwaukee Police Department based on allegations that Defendants fabricated evidence to detain Plaintiff without probable cause. On April 22, 2026, Defendants filed a motion for summary judgment. On May 26, 2026, Plaintiff filed a response to Defendants' proposed findings of fact, but he did not file a brief that responded to Defendants' arguments. For the following reasons, Defendants' motion for summary judgment will be granted, and the case will be dismissed.

## BACKGROUND

On December 7, 2023, Defendants searched Plaintiff's residence pursuant to a warrant alleging Plaintiff was in possession of drugs and firearms. Plaintiff was not permitted to be in possession of firearms under the terms of his parole. In executing the search warrant, Defendants

found illegal drugs and firearms in Plaintiffs' residence.  As a result, Defendants arrested Plaintiff for violating the terms of his parole.  The police incident report states that Plaintiff discharged a firearm in the direction of officers before being taken into custody.  Plaintiff denies discharging a firearm in the direction of officers during the incident.

Following his arrest, Plaintiff was charged with ten criminal counts.  On January 27, 2025, Plaintiff pleaded guilty to two counts of possession of a firearm by a felon and one count of felony bail jumping.  Three criminal counts were dismissed but read in for purposes of sentencing: one count of possession with intent to deliver a controlled substance with the use of a dangerous weapon, one count of felony bail jumping, and one count of failure to comply with officer's attempt to take person into custody.  The rest of the charges were dismissed.  *See State v. Morris*, No. 23CF5622 (Milwaukee Cty., Wis.), WIS. CIRCUIT COURT ACCESS, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF005622&countyNo=40&mode=details (last visited June 12, 2026).

**SUMMARY JUDGMENT STANDARD**

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law."  *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)).  The Court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The movant has the burden to show that summary judgment is appropriate.  *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021).  The Court will "read the facts and draw all reasonable inferences in the light most favorable to the non-moving party."  *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024) (citation omitted).  Nonetheless, the non-movant must go

beyond mere allegations and conclusions and instead support his contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id.* If the movant sustains its burden and shows both that there are no disputed material facts and that it is entitled to judgment as a matter of law, "[t]he court shall grant summary judgment . . . ." Fed. R. Civ. P. 56(a).

**ANALYSIS**

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "To prevail on a Fourth Amendment false-arrest claim, a plaintiff must show that there was no probable cause for his arrest." *Braun v. Vill. of Palatine*, 56 F.4th 542, 548 (7th Cir. 2022) (internal quotation marks and citation omitted). "The existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest or false imprisonment." *Abbott v. Sangamon Cty., Illinois*, 705 F.3d 706, 713–14 (7th Cir. 2013) (citation omitted). A police officer has probable cause to arrest "when the facts and circumstances that are known to [the officer] reasonably support a belief that the individual has committed, is committing, or is about to commit a crime." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). "Determining whether an officer had probable cause to arrest entails a purely objective inquiry; the officer's subjective state of mind and beliefs are irrelevant." *Abbott*, 705 F.3d at 714 (citations omitted).

Plaintiff asserts that he was wrongfully arrested and imprisoned based on false statements in the police report that he fired a gun at officers while they attempted to execute his arrest. Plaintiff does not dispute, however, that Defendants executed the search pursuant to a valid

warrant, that the search of Plaintiff's residence uncovered illegal drugs and firearms, or that he was prohibited from possessing firearms under the terms of his parole. In short, regardless of whether Plaintiff fired a gun at officers, the undisputed facts demonstrate that Defendants had probable cause to arrest Plaintiff. Accordingly, Plaintiff's Fourth Amendment claim fails. Defendants also argue that they are entitled to qualified immunity, but because the Court is granting summary judgment in their favor on the merits, it need not address that argument.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (ECF No. 42) is **GRANTED**. The case is dismissed. The clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin on June 12, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

---

4